## Greeley *v.* Federal Street and Pleasant Valley Passenger Ry., Appellant.

*Negligence—Street railways—Obstruction on street.*

A street railway company is guilty of gross negligence in running its electric cars at a high rate of speed at a point where the company has cut down the grade of a street, by the width of its tracks, some two feet, and piled the dirt from the excavation upon the street on either side of the track.  It is an obstruction to public travel and great care should be exercised in running the cars at such a place.

Argued Nov. 7, 1892.  Appeal, No. 233, Oct. T., 1892, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 290, on verdict for plaintiff, John B. Greeley.  Before Paxson, C. J., Williams, McCollum, Mitchell and Heydrick, JJ.

Trespass for killing horse.

The facts as they appeared at the trial before McClung, J., are stated in the opinion of the Supreme Court.

Binding instruction for defendant was refused. [2]

Verdict and judgment for plaintiff for $150.  Defendant appealed.

*Error assigned* was (2) above instruction, quoting it.

*W. P. Potter*, *Wm. A. Stone* with him, for appellant.

*Thomas J. Keenan*, for appellee, cited, Reeves v. R. R., 30 Pa. 454.

Per Curiam, January 3, 1893:

The only question here is, whether the court below erred in not giving a binding instruction in favor of the defendant, as requested by its second point.

We are unable to see how such an instruction could have been given under the facts as developed by the testimony.  At the point where the accident occurred, the defendant company had cut down the grade of the street, by the width of its tracks, some two feet.  This was done in anticipation of a change of grade by the city.  The dirt from this excavation was thrown upon the street upon either side of the track and so allowed to remain for some weeks.  On the 11th day of July, 1891, a boy

seventeen years of age was riding a horse belonging to the plaintiff along the right hand track, going away from the city. An electric car belonging to the defendant company was approaching on the other track. Just as the car and horse were nearly opposite each other the horse, it is alleged, became frightened and attempted to climb out of the roadway over the embankment referred to. The boy pulled him back and attempted to dismount. While he was trying, as he says, to dismount, the horse was struck by the car, and died from the effects of the collision. There was evidence that the car was going through this cut at a high rate of speed for an electric car; faster than usual. If this be so, and the jury have so found, it was gross negligence on the part of the company. Their cars should have been run slowly and with great care through a place of this description. The cut in the street and the dirt piled up upon each side of the track, was a work of its own creation and for which it was responsible. It was an obstruction to public travel, and great care should have been exercised in running the cars at such a place. But for this obstruction, it is not likely the accident would have occurred. The court below was entirely right in submitting the case to the jury.

Judgment affirmed.